**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| HECTOR D. HERNANDEZ, ) <br> 3406 Holly Creek Drive, Apt. 3E ) <br> Laurel, MD  20724 ) <br>  ) <br>   Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> EXPERIAN INFORMATION SOLUTIONS, INC., ) <br> 505 City Parkway West ) <br> Orange, CA 92668 ) <br>  ) <br> Serve:  The Corporation Trust Incorporated ) <br>   351 West Camden Street ) <br>   Baltimore, MD 21201 ) <br>  ) <br> and ) <br>  ) <br> JP MORGAN CHASE BANK, N.A., ) <br> 1111 Poloris Pkwy. ) <br> Columbus, OH  43240 ) <br>  ) <br> Serve:  The Corporation Trust Incorporated ) <br>   351 West Camden Street ) <br>   Baltimore, MD 21201 ) <br>  ) <br> and ) | Civil Case No. 16-2889 |

|  |  |
|---|---|
| TD BANK, NATIONAL ASSOCIATION<br>Legal Department<br>Two Portland Square<br>Portland, ME  04101<br><br>Serve:  CSC-Lawyers Incorporating Service Company<br>           7 St. Paul Street, Suite 820<br>           Baltimore, MD  21202<br><br>and<br><br>HSBC BANK, USA, NATIONAL ASSOCIATION,<br>1800 Tysons Blvd., Suite 50<br>McLean, VA  22102<br><br>Serve:  The Corporation Trust Incorporated<br>           351 West Camden Street<br>           Baltimore, MD 21201<br><br>                                             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Hector D. Hernandez and for his Complaint against the Defendants, he states as follows:

## PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

1. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

2. Venue is proper in this Court pursuant to Local Rule 501(4) (b)(i) as Plaintiff is the only Maryland resident.

## PARTIES

3. Plaintiff is a natural person residing in Prince George's County, Maryland, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Experian Information Solutions, Inc. ("Experian") is a corporation authorized to do business in the State of Maryland through its registered agent office in Baltimore, Maryland. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

5. JP Morgan Chase Bank, N.A. ("Chase") is a national banking association that provides banking products and services. At all times relevant hereto, Chase was a "furnisher" as used in the FCRA.

6. TD Bank, N.A. ("TD Bank") is a national banking association that provides banking products and services, including as a lender of credit cards for departments stores. At all times relevant hereto, TD Bank was a furnisher as governed by the FCRA.

7. HSBC Bank USA, N.A. ("HSBC") is a national banking association that provides banking products and services. At all times relevant hereto, HSBC was a "furnisher" as used in the FCRA.

## FACTS

8. While applying for and denied an apartment rental, Plaintiff has learned that several accounts were fraudulently opened in his name, including accounts with Chase, TD Bank, and HSBC.

9. Plaintiff never applied for or gave anyone permission, to use his name for any credit cards or loans or to his name, address, date of birth or social security number to conduct any financial transactions.

10. After Plaintiff was denied the apartment rental, he obtained copies of his credit report with Experian and Equifax Information Services, LLC ("Equifax"). The Experian report attributed at least 13 accounts that did not belong to Plaintiff, or were fraudulently opened in Plaintiff's name, including the accounts with Chase and TD Bank. The Equifax report included the HSBC account, which did not belong to Plaintiff, or was fraudulently opened in his name.

11. On March 3, 2016, Plaintiff mailed a dispute letter to Experian, disputing the 13 accounts that did not belong to him. In this letter, Plaintiff explained that he never took out or authorized anyone to take out these accounts, including the accounts with Chase and TD Bank.

12. On March 3, 2016, Plaintiff also mailed a dispute letter to Equifax, explaining that he never took out or authorized anyone to take out the accounts with HSBC that had been charged off.

13. On or about April 6, 2016, Equifax provided its reinvestigation results which indicated that the HSBC accounts were verified to belong to Plaintiff.

14. On or around April 5, 2016, Experian mailed its investigation results to the Plaintiff, which reflected that Experian deleted three of the accounts from Plaintiff's credit report, including accounts with Velocity Investments, LLC, Portfolio Recovery Associates, and First Federal Credit, however the Chase and TD Bank accounts remained on his report. Additionally, Experian failed to investigate the status of four of the derogatory accounts that were included in his dispute.

15. On May 5, 2016, Plaintiff mailed a follow-up dispute to Experian concerning eight accounts which remained on his credit report, including Chase and TD Bank, explaining that he never took out or authorized anyone to take out these accounts.

16. However, Experian's reinvestigation results indicate that it refuses to remove the three of the accounts from Plaintiff's credit report that do not belong to him.

17. Attributing these accounts to Plaintiff was inaccurate, incomplete and misleading. Plaintiff never signed or authorized anyone to sign the applications for credit on his behalf.

18. Experian received, but ignored the Plaintiff's disputes and refused to investigate the substance of Plaintiff's disputes.

19. According to the Experian and Equifax investigation results, Chase, TD Bank and HSBC verified that the accounts belonged to the Plaintiff.

20. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

21. On multiple occasions, Experian published the inaccurate information disputed by Plaintiff to his potential creditors.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## (Experian)

22. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

23. Experian violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

24. As a result of Experian's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

25. The violations by Experian were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

26. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## (Experian)

27. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

28. Experian violated multiple sections of § 1681i, including but not limited to its conduct of: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) by failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation in violation of §1681i(a)(5)(A).

29.     As a result of Experian's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

30.     The violations by Experian were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to § 1681n. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

31.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(A)
## (Chase, TD Bank and HSBC)

32.     Plaintiff incorporates all other factual allegations set forth in the Complaint.

33.     On one or more occasions within the past year, by example only and without limitation, Chase, TD Bank and HSBC violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

34.     When the Plaintiff submitted his disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the CRAs and by their furnisher-customers such as Chase, TD Bank and HSBC. It is an automated system and the procedures used by the CRAs are systemic and uniform.

35.     When Equifax or Experian receive a consumer dispute, it (usually via an outsourced vendor), translates that dispute into an "ACDV" form.

36. Upon information and belief, the ACDV form is the method by which Chase, TD Bank and HSBC have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

37. Based on the manner in which Experian and Equifax responded to the Plaintiff's disputes, representing that Chase, TD Bank and HSBC "verified" the supposed accuracy of its reporting, Plaintiff alleges that Experian and Equifax did in fact forward the Plaintiff's dispute via an ACDV to Chase, TD Bank and HSBC.

38. Chase, TD Bank and HSBC understood the nature of the Plaintiff's dispute when they received the ACDV from the credit bureaus.

39. Notwithstanding the above, Chase, TD Bank and HSBC follow a standard and systemically unlawful process when it receives the ACDV dispute.

40. Basically, all Chase, TD Bank and HSBC do is review its own internal computer screen for the account and repeat back to the ACDV system the same information that Chase, TD Bank and HSBC already had reported to the CRAs.

41. When Chase, TD Bank and HSBC receive a consumer dispute through e-Oscar, they do not conduct a substantive review of any sort to determine whether or not the underlying information in their computer system is itself accurate.

42. As a result of Chase, TD Bank and HSBC's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

43. The violations were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase, TD Bank and HSBC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(B)
## (Chase, TD Bank and HSBC)

45. Plaintiff incorporates all other factual allegations set forth in the Complaint.

46. On one or more occasions within the past two years, by example only and without limitation, Chase, TD Bank and HSBC violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

47. As detailed in the previous count, Chase, TD Bank and HSBC have elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

48. Chase, TD Bank and HSBC are aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

49. Chase, TD Bank and HSBC understood the nature of Plaintiff's disputes and that the account was fraudulently opened in his name.

50. Nevertheless, Chase, TD Bank and HSBC ignored such information and instead simply regurgitated the same identifying information they had previously reported to the CRAs.

51. As a result of Chase, TD Bank and HSBC's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

52. The violations were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (Chase and TD Bank)

54. Plaintiff incorporates all other factual allegations set forth in the Complaint.

55. On one or more occasions within the past two years, by example only and without limitation, Chase and TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing their representations within Plaintiff's credit files with Experian without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

56. Specifically, Chase and TD Bank failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

57. On information and belief, Chase and TD Bank rarely, if ever, add the XB code or other notation that an account is disputed when they responds to e-Oscar ACDVs.

58. At a minimum, Plaintiff's disputes were bona fide as he never opened the accounts or authorized anyone to open them in his name.

59.     As a result of Chase and TD Bank's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

60.     The violations were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

61.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demand judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

                                  Respectfully Submitted,
                                  **HECTOR D. HERNANDEZ**

                                By: __*/s/ Kristi C. Kelly*_____
                                       Of Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
Telephone:  703-424-7576
Facsimile:  703-591-0167
E-mail:  kkelly@kellyandcrandall.com
*Counsel for Plaintiff*